# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>MALIKALALOU, INC., owner of a 2008 Privilege 45' catamaran sailing vessel named "Malikalalou", HIN # JMA90C10K708, her engine, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability. | Case No.: 3:20-cv-01693-H-MSB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 12.] |

On August 31, 2020, Malikalalou, Inc. ("Limitation Plaintiff"), as the owner of a 2008 Privilege 45' catamaran sailing vessel named "Malikalalou," HIN# JMA90C10K708, (the "Vessel") filed a complaint pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., claiming the right to exoneration from, or limitation of, liability for all claims arising out of an incident that occurred on May 30, 2020. (Doc. No. 1.) On December 21, 2020 Limitation Plaintiff filed a motion for default judgment against all

possible claimants who have not yet filed and served claims in this proceeding. (Doc. No. 12.) The Court submitted the motion on the papers. (Doc. No. 17.) For the reasons that follow, the Court grants the motion.

**Background**

Limitation Plaintiff alleges that the Vessel was involved in a fire on May 30, 2020, while it was docked at the Kona Kai Resort & Spa in San Diego, California. (Doc. No. 1 ¶ 7.) Adjacent to the Vessel was a 2002 38 ft. Tiara power boat named "Otoro," which was owned by either Scott French or Bluefin Charters, LLC, or both, and insured by Ace American Insurance Company (collectively, the "Otoro Parties"). (Doc. No. 7.) The fire rendered both vessels total losses. (Doc. No. 1 ¶¶ 5-7.) The fire also allegedly caused damage to several neighboring vessels, as well as the dock onto which both the Vessel and the Otoro were moored. (Id.)

On August 31, 2020, Limitation Plaintiff filed the instant action under the Limitation of Liability Act. (Doc. No. 1.) On September 22, 2020, the Court ordered the Clerk to issue a monition to all persons and entities asserting any claim with respect to the incident, admonishing them to file their respective claims on or before November 13, 2020. (Doc. No. 4 at 3.) The Court also ordered Limitation Plaintiff to give public notice of the monition and this action through publication in a newspaper of general circulation printed and published in San Diego County, California, once in each week for four successive weeks prior to November 13, 2020. (Id. at 4.) Finally, the Court ordered Limitation Plaintiff to mail a copy of the monition to any possible claimant who Limitation Plaintiff believed may intend to assert any claim against it in this action. (Id.)

On September 25, 2020, Limitation Plaintiff filed a proof of service explaining that it served notice on all parties it believed may intend to assert a claim against it in this action pursuant to the Court's order. (Doc. No. 5.) On October 19, 2020, Limitation Plaintiff filed a notice that they had completed service by publication by October 16, 2020, also in compliance with the Court's order. (Doc. No. 6.)

The Otoro Parties filed a timely answer to the complaint and asserted claims against

Limitation Plaintiff. (Doc. No. 7.) No other potential claimant filed an answer or claim on or before November 13, 2020, nor did any claimant seek an extension of that deadline. Accordingly, Limitation Plaintiff requested the entry of default against all non-appearing claimants in this action, (Doc. No. 9), which the Clerk entered on November 27, 2020, (Doc. No. 10). On December 21, 2020, Limitation Plaintiff filed the instant motion requesting the Court to order the entry of default judgment against all potential claimants who have not yet appeared in this action.

## Discussion

The Supplemental Rules for Admiralty or Maritime Claims govern the procedures in an action to exonerate or limit liability from claims arising out of maritime accidents. Supplemental Rule A(2), however, provides that "[t]he Federal Rules of Civil Procedure also apply to actions for exoneration from or limitation of liability, except to the extent they are inconsistent with the [Supplemental Rules]." Accordingly, Limitation Plaintiff's motion for default judgment is governed by Federal Rule of Civil Procedure 55 because there is no Supplemental Rule on point.

Under Rule 55, the Court may enter default judgment against a party if the clerk has already entered default against that party. "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) outlined several factors "which may be considered by courts in exercising discretion as to the entry of a default judgment." These factors include "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Id.

Here, the Clerk properly entered default against the non-appearing parties in this matter pursuant to Rule 55(a) because only the Otoro Parties timely responded to the

complaint in compliance with Supplemental Rule F(5) and the Court's monition.  See Fed. R. Civ. P. 55(a) (providing for the entry of default against a party who "has failed to plead or otherwise defend" against the claims asserted). Accordingly, the Court must generally take Limitation Plaintiff's factual allegations as true in considering whether the entry of default judgment is warranted.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

The relevant Eitel factors counsel in favor of the entry of default judgment against the non-appearing claimaints.  First, "[t]here is no just reason for delay in entering a judgment against" the non-appearing parties because they have "not yet submitted claims." In re Duley, No. 816CV00135JLSDFM, 2017 WL 8180609, at *2 (C.D. Cal. July 11, 2017); see also In re Campbell, No. SACV1700649CJCDFMX, 2017 WL 8180611, at *2 (C.D. Cal. Aug. 23, 2017) ("A denial of default judgment would prejudice Plaintiff-in-Limitation because any delay in resolving this case is unnecessary. No claimants have appeared in this action, and delay would serve no purpose.").  Also, Limitation Plaintiff has demonstrated that it complied with Supplemental Rule F(4) and the Court's monition by timely giving proper notice by publication and by serving notice directly to known potential claimants. (Compare Doc. No. 4, with Doc. Nos. 5, 6.)  Upon a showing of compliance with the Supplemental Rules, "courts regularly grant a default judgment against claimants who do not answer."  Duley, 2017 WL 8180609, at *2.  Additionally, Limitation Plaintiff is only seeking declaratory relief against the non-appearing parties. And finally, the Court's entry of default judgment will serve the interests of justice because it will "facilitate the apportionment of whatever funds are available for the [existing] claimants," the Otoro Parties.  Id.  Accordingly, Limitation Plaintiff's motion for default judgment is granted.

## Conclusion

For the foregoing reasons, the Court grants Limitation Plaintiff's motion for default judgment against all possible claimants, known or unknown, who have not filed and served claims and answers in this action. The Court directs the Clerk to enter a default judgment

declaring that the period for filing a claim or answer in this limitation proceeding is closed, and any new claims or answers against Limitation Plaintiff in this proceeding or any proceeding related to or arising out of the events described in the complaint, (Doc. No. 1), are barred.

**IT IS SO ORDERED.**

DATED: January 26, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT