UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF MALIKALALOU, INC., owner of a 2008 Privilege 45' catamaran sailing vessel named "Malikalalou", HIN # JMA90C10K708, her engine, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability. | Case No.: 20cv1693-H(MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO CONTINUE [ECF NO. 35]**<br><br>**AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

On October 19, 2021, the parties filed a "Joint Motion to Extend Scheduling Order Regulating Discovery and Other Pretrial Proceedings." (ECF No. 35.) They ask the Court to continue all remaining deadlines by sixty days. (Id. at 2.) In support, the parties state that they "are presently engaged in settlement negotiations[,]" and "[a]n extension should be granted in order to conserve resources of the parties to continue settlement efforts." (Id.) The parties further list their proposed dates. (Id. at 2-3.)

Having considered the joint motion and finding good cause, the Court **GRANTS IN PART** the motion. Having consulted with the chambers of District Judge Marilyn L. Huff,

the Court modifies its Amended Scheduling Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 27] as follows:

1. A telephonic attorneys-only Case Management Conference is set for **November 15, 2021**, at **10:00 a.m.** Plaintiff's counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

2. The parties must designate their respective experts in writing by **December 21, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **January 4, 2022**. Written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

3. By **February 1, 2022**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures will not be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial, absent substantial justification. Additionally, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

4. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **February 15, 2022**.

5. All parties must complete all expert discovery by **March 15, 2022**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

///

6. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **April 19, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed by the Court.

8. A Mandatory Settlement Conference shall be conducted on **July 13, 2022**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

   a. **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

   b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms

corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

   c. **Confidential Settlement Statements Required**: On or before **July 6, 2022**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

---

acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.  General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

        d.    **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

9.    Counsel must file their memoranda of contentions of fact and law and take any other action required by Civil Local Rule 16.1(f)(2) by **July 18, 2022**.

10.    Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **July 18, 2022**.  Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11.    Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **July 25, 2022**.  At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues.  Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel must note any objections they have to any other parties' pretrial disclosures under

Federal Rule of Civil Procedure 26(a)(3).  Counsel must cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 1, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order.  Both parties must promptly attempt to resolve their differences, if any, concerning the order.

13. The proposed final pretrial conference order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures must be prepared, served, and lodged with the assigned district judge by **August 8, 2022** in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

14. The final pretrial conference is scheduled on the calendar of the Honorable Marilyn L. Huff on **August 15, 2022**, at **10:30 a.m.**

15. The parties must comply with case management orders set by the Court.

16. The Court will not modify the dates and times set forth in this order except for good cause shown.

17. Pursuant to Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge.  Reply memorandum must not exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED**.

Dated:  October 20, 2021

Honorable Michael S. Berg
United States Magistrate Judge